UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
KEVIN X. LU,

                Plaintiff,

   - against -

CHEER HOLDING, INC., f/k/a Glory Star
New Media Group Holdings Limited,

                Defendant.
------------------------------------------------------------x

24 Civ. 459 (RA) (GS)

ORDER

**GARY STEIN, United States Magistrate Judge:**

On April 5, 2024, the parties submitted competing versions of a proposed Case Management Plan and Scheduling Order, disagreeing about when discovery should commence. (Dkt. No. 23). The Court held a telephonic conference on April 16, 2024 to discuss the parties' positions.[1]

Having considered the parties' written submissions and their arguments during the April 16 conference, the Court will stay discovery pending a decision on Defendant's motion to dismiss the Complaint for lack of personal jurisdiction and/or on grounds of *forum non conveniens*.

## BACKGROUND

This action is brought by a shareholder of Defendant Cheer Holding, Inc., which was formerly known as Glory Star Media Group Holdings Limited (the "Company"). (Dkt. No. 1-2 ("Complaint" or "Compl.") ¶ 10). Plaintiff Kevin X. Lu

---

[1] On April 9, 2024, the Honorable Ronnie Abrams referred this case to me for general pretrial supervision and directed the parties to address their scheduling order dispute, and all future pretrial disputes, to me. (Dkt. Nos. 26, 27).

("Lu"), proceeding *pro se*, asserts claims for aiding and abetting breach of fiduciary duty and for negligence and gross negligence based on an aborted management buyout of the Company, which is listed on NASDAQ. (*Id.* ¶¶ 11, 43-57). According to the Complaint, a group led by the Company's controlling stockholders (the "Buyer Group") entered into a merger agreement to take the Company private on July 11, 2022. (*Id.* ¶¶ 1-2). Although the Company's shareholders approved the proposed merger, Lu alleges that the controlling shareholders never genuinely intended to go through with the transaction and improperly caused the Company to terminate the merger agreement on April 11, 2023. (*Id.* ¶¶ 3, 6-7).

The Complaint was originally filed in New York County Supreme Court on December 18, 2023 and purportedly served on the Company in the Cayman Islands on December 21, 2023. (Dkt. No. 1 ¶¶ 1-2). The Company removed the case to this Court on January 22, 2024 on the basis of diversity of citizenship: Lu is a resident of California and the Company is incorporated in the Cayman Islands and headquartered in China. (*Id.* ¶¶ 6-10; *see also* Compl. ¶¶ 10-11).

Three days later, on January 25, 2024, Judge Abrams issued an Order directing the Company to file a joint letter, by April 5, 2024, providing information about the case and to propose a case management plan and scheduling order. (Dkt. No. 5). The Order directed the Company to meet and confer with Lu regarding its proposed scheduling order and permitted Lu to submit a separate proposal if he disagreed with the Company's proposal. (*Id.* at 2). In the same Order, Judge Abrams also scheduled an initial status conference for April 12, 2024, which was

2

subsequently adjourned to take place before the undersigned on April 16, 2024. (*Id.*; Dkt. No. 27).

Thereafter, on February 19, 2024, the Company filed a motion to dismiss the Complaint for lack of personal jurisdiction under Fed. R. Civ. P. 12(b)(2) and/or on grounds of *forum non conveniens*, contending that the Cayman Islands is the appropriate forum for this litigation. (Dkt. Nos. 12-15). Lu has opposed the motion and it is now fully briefed. (Dkt. Nos. 17-18, 29-31).

The parties submitted the joint letter on April 5, 2024, pursuant to Judge Abrams' Order, informing the Court they were unable to reach agreement on a proposed scheduling order. (Dkt. No. 23). Defendant took the position that discovery should be stayed until the resolution of its pending motion to dismiss, and, if its motion to dismiss is denied, Defendant's anticipated motion for judgment on the pleadings pursuant to Fed. R. Civ. P. 12(c). (Dkt. No. 23-2). Consistent with that position, the Company's proposed scheduling order sets forth discovery deadlines calculated from "any denial of [its] Rule 12(c) motion." (Dkt. No. 23-2 at ¶ 7). For instance, the Company's proposed deadline for fact discovery is 260 days after denial of its Rule 12(c) motion. (*Id.*).

Lu, for his part, proposed a scheduling order with firm dates over the course of the next year, including, *inter alia*, an October 31, 2024 deadline for completion of depositions, a December 31, 2024 deadline for the completion of fact discovery, and an April 30, 2025 deadline for the completion of all discovery. (Dkt. No. 23-1 ¶¶ 7, 8(c), 10). On March 22, 2024, following the parties' Rule 26(f) conference, Lu served

his First Set of Interrogatories on Defendant (the "Interrogatories") . (Dkt. No. 23 at 3; *see* Dkt. No. 32-1). Lu submits that "basing the scheduling order on a hypothetical motion," *i.e.*, Defendant's potential motion for judgment on the pleadings, "would undermine the purpose of the scheduling order." (Dkt. No. 24).

At the conference on April 16, 2024 (the "Conference"), the parties clarified and, to a degree, modified their respective positions. Lu expressed his willingness to defer any discovery until the resolution of Defendant's motion to dismiss, with the exception of the Interrogatories he served on March 22. However, Lu maintains that discovery should not be stayed in the event the Company's motion to dismiss is denied and it then files a motion for judgment on the pleadings. The Company stated that it is not asking for a ruling at this time as to whether discovery should be stayed pending its potential motion for judgment on the pleadings. The Company does, however, oppose engaging in any discovery, including responding to Plaintiff's Interrogatories, while its motion to dismiss is pending. After the Conference, on April 17, 2024, the Company submitted a letter in further support of its position (Dkt. No. 32), to which Lu responded the following day (Dkt. No. 34).

## DISCUSSION

Under Federal Rule of Civil Procedure 26(c), "a district court may stay discovery during the pendency of a motion to dismiss for 'good cause shown.'" *Shaw v. Hornblower Cruises & Events, LCC*, No. 21 Civ. 10408 (VM), 2023 WL 2330368, at *2 (S.D.N.Y. Mar. 2, 2023) (citation omitted). A motion to dismiss "does not automatically stay discovery, except in cases covered by the Private Securities

Litigation Reform Act." *Ruilova v. 443 Lexington Ave, Inc.*, No. 19 Civ. 5205 (AJN), 2020 WL 8920699, at *1 (S.D.N.Y. Mar. 20, 2020) (citation omitted); *see also Barrett v. Forest Labs., Inc.*, No. 12 Civ. 5224 (RA), 2015 WL 4111827, at *4 (S.D.N.Y. July 8, 2015) ("It, of course, is black letter law that the mere filing of a motion to dismiss the complaint does not constitute 'good cause' for the issuance of a discovery stay.") (citation omitted). "However, depending on the particular circumstances, 'a pending motion to dismiss may constitute' the 'good cause' required for a stay of discovery." *Ruilova*, 2020 WL 8920699, at *1 (citation omitted).

In considering whether to stay discovery pending resolution of a motion to dismiss, "[c]ourts typically consider 'the breadth of discovery sought, the burden of responding to it, the prejudice that would result to the party opposing the stay, and the strength of the pending motion forming the basis of the request for stay.'" *Id.* (quoting *Republic of Turkey v. Christie's, Inc.*, 316 F. Supp. 3d 675, 677 (S.D.N.Y. 2018)). The court has "considerable discretion" to determine whether a motion to dismiss constitutes good cause for a stay of discovery under Rule 26(c). *Mortgage Resolution Servicing, LLC v. JPMorgan Chase Bank, N.A.*, No. 15 Civ. 293 (LTS) (JCF), 2016 WL 3906712, at *5 (S.D.N.Y. July 14, 2016) (citation omitted).

Based on its evaluation of the relevant factors, the Court concludes that good cause exists here warranting a stay of discovery pending resolution of the Company's motion to dismiss.

*Strength of the Motion.* The Court begins with the "strength of the motion" factor. This factor is satisfied by a showing that the defendant's motion presents

5

"substantial arguments for dismissal." *Ruilova*, 2020 WL 8920699, at *1 (quoting *Hong Leong Fin. Ltd. (Singapore) v. Pinnacle Performance Ltd.*, 297 F.R.D. 69, 72 (S.D.N.Y. 2013); *see Spira v. TransUnion, LLC*, No. 23 Civ. 4319 (NSR), 2023 WL 5664215, at *1 (S.D.N.Y. Sept. 1, 2023) (if a strong dispositive motion may significantly narrow or eliminate the issues remaining in the case, "then proceeding with discovery while the motion pends 'would waste the parties' resources and would constitute an undue burden on defendants'") (citation omitted). Having reviewed the briefs submitted by the parties on the Company's motion to dismiss, and without intimating any view on the appropriate outcome of the motion, the Court is satisfied that the motion does present substantial grounds for dismissal.

Moreover, the motion is directed to the Complaint in its entirety and, if it succeeds, will be case-dispositive. To be sure, because the motion only challenges the ability of Plaintiff to proceed with his claims in this forum, he would be entitled to refile his claims in another forum. Significantly, however, that would be a forum located outside the United States, which will have its own discovery rules which could differ materially from the discovery rules applicable in this Court. It would be more efficient for the parties to know, before they start engaging in discovery, whether they will be operating under U.S.-style discovery rules or not.

*Breadth and Burden.* Even though Lu has agreed to limit discovery for now to his Interrogatories, answering those Interrogatories would impose some degree of burden on the Company. The Interrogatories ask the Company to state the date of "each electronic communication" (i) between the Company and two other entities

6

over a two-year period (Dkt. No. 32-1 at Nos. 1, 2); and (ii) between a special committee of its board of directors and the Buyer Group, concerning the merger, over a seven-month period (*id.* at No. 3). The Interrogatories also seek "each communication" (not just electronic communications) received by the Company from "any of its shareholders" (other than members of the Buyer Group) during an eighteen-month period, and to identify the shareholder who was the party to the communication (*id.* at No. 4).

There could easily be hundreds of responsive communications that the Company would need to locate and identify in answering Lu's Interrogatories.[2] Further, the Company represents that Chinese "blocking statutes" may apply to interrogatory responses, which would make it necessary for the Company to consult with Chinese counsel and possibly seek approval from Chinese government authorities before responding to the Interrogatories. (Dkt. No. 32 at 1). Thus, the potential burdens on Defendant in allowing discovery to proceed are not inconsiderable.

*Prejudice to Plaintiff.* On the other hand, it is difficult to see how Lu would be prejudiced by a stay of discovery. The relief sought in the Complaint is purely monetary (*see* Compl. ¶¶ 58-59); Lu does not allege he is being harmed by any ongoing conduct of the Defendant. Not surprisingly, at the April 16 Conference, Lu could not meaningfully articulate any prejudice he would suffer if Defendant does not respond to his Interrogatories until after the motion to dismiss is decided. In

---

[2] Even if Interrogatory No. 3 concerns a "low-activity period" as Lu contends (Dkt. No. 34 at 1), the Court would reach the same result based on the breadth of the remaining interrogatories.

7

addition, the Company confirmed it is preserving potentially responsive electronic communications. (Dkt. No. 23 at 3). Thus, this factor too, in the Court's estimation, favors staying discovery.

Accordingly, as in other cases presenting similar circumstances, a stay of discovery pending resolution of Defendant's motion to dismiss is appropriate here. *See, e.g.*, *Ruilova*, 2020 WL 8920699, at *1 (granting discovery stay as to those Defendants who moved to dismiss for lack of personal jurisdiction); *Port Dock & Stone Corp. v. Oldcastle Northeast, Inc.*, No. 05 Civ. 4294 (DRH) (ETB), 2006 WL 897996, at *2 (E.D.N.Y. Mar. 31, 2006) (granting discovery stay pending resolution of defendants' motion to dismiss for lack of personal jurisdiction where the motion raised "substantial issues with regard to the viability of plaintiffs' complaint" and "plaintiffs have failed to demonstrate that a stay of discovery would unfairly prejudice them"); *Gandler v. Nazarov*, No. 94 Civ. 2272 (CSH), 1994 WL 702004, at *3-4 (S.D.N.Y. Dec. 14, 1994) (staying discovery pending resolution of defendant's motion to dismiss based on lack of personal jurisdiction where motion was "potentially dispositive" and "appears to be not unfounded in the law" and "plaintiffs have not presented any evidence to suggest that they will be unfairly prejudiced by a stay").[3]

---

[3] As stated during the Conference, the Court is not rendering any ruling at this time as to the propriety of a discovery stay in the hypothetical event that the Company subsequently files a motion for judgment on the pleadings.

## CONCLUSION

For the reasons set forth above, Defendant's request to stay discovery until resolution of its pending motion to dismiss is **GRANTED**. As discovery will be stayed, the Court declines to enter a scheduling order at this time. In the event Judge Abrams denies the pending motion to dismiss, the parties are directed to submit a joint letter, within one week of such denial, setting forth their position (or in the case of disagreement, respective positions) as to how this case should proceed. The Clerk of Court is respectfully directed to close Defendant's motion pending at Docket No. 32.

Dated:   April 19, 2024
         New York, New York

_____
GARY STEIN
United States Magistrate Judge