May 13, 2024



Honorable Gary Stein
United States Magistrate Judge
Thurgood Marshall United States Courthouse

**Letter MOTION TO COMPEL -** Lu v. Cheer Holding, Inc. Case No. 1:24-cv-00459-RA-GS

Dear Judge Stein:

    Plaintiff respectfully moves the Court to compel Defendant Cheer Holding to comply with Rule 26(a)(1) of Federal Rules of Civil Procedure.

**Background:**

    Pursuant to Judge Abrams' case management order in January 2024, the parties were originally scheduled to exchange initial disclosures under Rule 26(a)(1) by April 5, 2024. Cheer Holding later requested that Plaintiff to agree to extending the deadline to April 10, 2024, and Plaintiff agreed.

    Accordingly, the parties exchanged their initial disclosures pursuant to Rule 26(a) on April 10, 2024. However, Cheer Holding has failed to comply with Rule 26(a)(1) of the FRCP by withholding the contact information of each individual listed in its initial disclosures. (*see* **Exhibit A**) Defendant's failure to provide this information contravenes the disclosure requirements outlined in Rule 26(a)(1), which mandates the disclosure of such information.

**Argument:**

    Cheer Holding does not provide any justification for its non-compliance. It merely stated "*Cheer Holding does not authorize Mr. Lu or any agent acting on Mr. Lu's behalf to contact or otherwise communicate with the current or former officers or employees of Cheer Holding...*" However, the parties never had any discussion on Plaintiff contacting those identified individuals. In any event, the burden of seeking approval to deviate from the requirements of Rule 26(a)(1) rests squarely on Cheer Holding. Nonetheless, Cheer Holding has made no attempt to seek consent from Plaintiff or approval from the Court.

**Relief Sought:**

Compel Defendant Cheer Holding to disclose the address and telephone number of each individual listed in its Rule 26(a)(1) initial disclosures, within seven (7) days.

Plaintiff's motion to compel is denied. Pursuant to the Court's April 19, 2024 Order (Dkt. No. 35), all discovery in this action was stayed pending the resolution of Defendant's motion to dismiss. That stay encompasses initial disclosures under Rule 26(a). See Medhekar v. United States District Court, 99 F.3d 325, 328 (9th Cir.1996) (holding that PSLRA's stay of "discovery" applies to initial disclosures and reasoning, inter alia, that "[t]he drafters of Rule 26(a) intended these [initial] disclosures to serve as 'the functional equivalent' to discovery" and "[t]he fact that the rules refer to disclosures and discovery as two distinct terms does not alter the usage of disclosures as a form of discovery"). Moreover, while the parties exchanged initial disclosures on April 10, 2024, prior to the stay, they did not do so by order of the Court, contrary to Plaintiff's suggestion above. Plaintiff may reassert his objections to Defendant's initial disclosures if and when the discovery stay is lifted. In the future, Plaintiff is admonished to comply with Rule II(C)(1) of the undersigned's Individual Practices in Civil Cases, which requires the parties to confer in good faith prior to raising a discovery dispute with the Court, in accordance with Fed. R. Civ. P. 37(a) and Local Rule 37.2. Further, the Individual Practices do not permit reply letters, as Plaintiff filed here, and the Court therefore strikes Dkt. No. 38. A copy of the Individual Practices is available at https://nysd.uscourts.gov/hon-gary-stein. The Court denies the relief sought in the last sentence of Defendant's letter (Dkt. No. 37).

Date:   May 17, 2024
        New York, New York

Respectfully submitted.

/s/ Kevin X. Lu

Kevin X. Lu
2361 Brandini Dr.
Dublin, CA 94568
(408)-598-1892

Plaintiff

SO ORDERED:

*[signature]*

HON. GARY STEIN
UNITED STATES MAGISTRATE JUDGE

# EXHIBIT A

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| KEVIN X LU,<br><br>    Plaintiff,<br><br>vs.<br><br>CHEER HOLDING, INC.<br><br>    Defendants. | Case Nos. 1-24 Civ. 00459 (RA)(GS) |

**DEFENDANT CHEER HOLDING INC'S**
**INITIAL DISCLOSURES UNDER FED. R. CIV. P. 26(a)(1)**

Pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, Defendant Cheer Holding, Inc.("Cheer Holding") provides the following initial disclosures to Plaintiff Kevin Lu ("Mr. Lu") based on the information now reasonably available to Cheer Holding.  Cheer Holding does not waive, but expressly preserves, any and all objections, rights and  remedies.

As Cheer Holding has previously notified Mr. Lu and the Court, it intends to move the Court for a stay of discovery until its motion to dismiss under F.R.C.P. 12(b)(2), and if necessary, motion for judgment on the pleadings under F.R.C.P. 12(c), are adjudicated.  These disclosures are provided with the understanding that the motion for a discovery stay will be filed in short order.

Cheer Holding reserves the right at any time to, after the anticipated discovery stay is lifted and assuming that this litigation proceeds in the United States, supplement, amend, clarify, or modify these initial disclosures as it obtainsinformation through discovery, as it may deem necessary and appropriate.  Cheer Holding also reserves the right to object to the use of these initial disclosures, in whole or in part, or the documents listed therein at any time (including but not limited to at trial) and for any purpose on the  grounds of relevancy, competency, materiality, admissibility, hearsay, privilege, work-product immunity, or for any proper reason it finds necessary and appropriate.

1

Further, Cheer Holding provides these initial disclosures without waiving any claim of privilege or work-product immunity in whole or in part, in any subsequent proceeding in this action or in any other action.

By making these disclosures, Cheer Holding does not represent that it has identified every witness, document, data compilation, or thing that it may use to support its claims or defenses. Rather, these disclosures represent a good-faith effort to furnish information that Cheer Holding currently believes falls within the scope of Rule 26(a)(1).Moreover, these disclosures do not include information that may be used by Cheer Holding solely for impeachment.

The disclosures set forth below are made subject to the above objections and qualifications.

I.      **WITNESSES LIKELY TO HAVE DISCOVERABLE INFORMATION**

Based upon information reasonably available at this time, Cheer Holding identifies the following individuals who are likely to have discoverable information that Cheer Holding may use to support its defenses. By identifying the following individuals, however, Cheer Holding does not authorize Mr. Lu or any agent acting on Mr. Lu's behalf to contact or otherwise communicate with the current or former officers or employees of Cheer Holding or any affiliate nor does Cheer Holding represent that it has any control over a listed individual unless otherwise indicated. This disclosure does not identify or otherwise include information concerning attorneys whose knowledge or information arises out orderives from their work on this lawsuit. Other persons with knowledge, if any, will be identified during the course of discovery. Cheer Holding reserves the right to identify any additional witnesses during the course of discovery if it learns that another witness has knowledge or information that it may use to support its defenses. Cheer Holding also reserve their right to utilize any documents identified by Mr. Lu or others.

1.      Bing Zhang (may be contacted through undersigned counsel only). Mr. Zhang is the chairman of Cheer Holding and he was a member of the Buyer Group as such term was used in Mr.

2

Lu's Complaint. As such he is likely to have information relating to the Take-Private transaction and its ultimate termination.

2. Jia Lu (may be contacted through undersigned counsel only). Mr. Lu is a director of the Company and a member of the Buyer Group. As such he is likely to have information related to the Take-Private transaction and its ultimate termination.

3. Ke Chen (may be contacted through undersigned counsel only). Mr. Chen is an independent director of Cheer Holding and he was chairman of the special committee formed to negotiate the Take-Private transaction. As such he is likely to have information related to the Take-Private transaction and its ultimate termination.

4. Ming Shu Leung (may be contacted through undersigned counsel only). Mr. Leung is an independent director of Cheer Holding and he was a member of the special committee formed to negotiate the Take-Private transaction. Mr. Leung resigned from his positions effective April 6, 2022. As such he is likely to have information related to the Take-Private transaction.

5. Zhihong Tan (may be contacted through undersigned counsel only). Mr. Tan became an independent director of Cheer Holding and a member of the special committee effective April 6, 2022, after Mr. Leung's resignation. As such Mr. Tan is likely to have information related to the Take-Private transaction and its ultimate termination.

6. Himanshu H. Shah. Mr. Shah is President and Chief Investment Officer of Shah Capital which was a member of the Buy-Out Group. As such Mr. Shah is likely to have information related to the Take-Private transaction and its ultimate termination. Mr. Shaq's business address is 2301 Sugar Bush Road, Suite 510 Raleigh, NC 27612 and his phone number is (919)-719-6360.

7. John J. Borer III. Mr. Borer is Co-Head of Investment Banking, Senior Managing Director of Benchmark Company which served as financial advisor to the special committee with respect to the Take-Private transaction. As such Mr. Borer is likely to have information related to the

3

Take-Private transaction. Mr. Borer's business address is 150 E 58th Street, 17th floor New York, NY 10155 and his phone number is (212)-312-6700.

## II.   DOCUMENTS AND THINGS

Based on information reasonably available at this time, Cheer Holding describes the documents, electronically stored information, and tangible things in its possession, custody, or control that it may use to support its claims. This list excludes documents that may be used solely for impeachment.

    a. Cheer Holding's filings with the Securities and Exchange Commission;

    b. Communications between Plaintiff Lu and Cheer Holding regarding the Take-Private transaction;

    c. Mr. Lu's extensive litigation history in both the United States and the Cayman Islands;

    d. Documents and communications (including emails and other electronic messages) related to the Take-Private transaction and Cheer Holding's decision to terminate the same.

These documents are located in the Cheer Holding's headquarters in Beijing, China. Cheer Holding reserves the right to assert a claim of privilege or immunity and withhold from production any documents, whether or not included in the above description, that is protected from discovery by the attorney-client privilege, work product immunity, or any other privilege or immunity. Cheer Holding further reserves the right to supplement its disclosures, pursuant to Fed. R. Civ. P. 26(e), to identify additional categories of documents or to amend or modify the above descriptions of categories. Cheer Holding does not waive, but expressly preserves, any and all objections as to the relevance and admissibility of the documents. Cheer Holding also states that, although they are not within its possession, custody, or control, Cheer Holding may use documents produced by Mr. Lu

4

or third parties in this action to support its claims or defenses.

### III.  COMPUTATION OF CLAIMED DAMAGES

Cheer Holding submits that Mr. Lu's claims are entirely meritless, and he is entitled to no damages whatsoever.  Cheer Holding expressly reserves the right to and intends to, under both United States and Cayman law, seek from Mr. Lu all of its legal fees and expenses incurred in connection with defending this meritless litigation.

### IV.  INSURANCE

Cheer Holding is not aware of any insurance agreement under which any person carrying on aninsurance business may be liable to satisfy part or all of a possible judgment in this action or to indemnify or reimburse for payment made to satisfy a possible judgment. Cheer Holding reserves the right to supplement this disclosure if any pertinent insurance agreements are identified.

Dated: April 10, 2024

/s/ *Minyao Wang*
Minyao Wang
**LEWIS BRISBOIS BISGAARD & SMITH LLP**
minyao.wang@lewisbrisbois.com
77 Water Street
New York, NY 10005
646-989.9428

*Counsel to Defendant Cheer Holding, Inc.*